**James R. LYTLE, Plaintiff,**

v.

**The FEDERAL HOUSING ADMINISTRATION, Philip N. Brownstein, as Federal Housing Commissioner, and W. P. Wilcox, as Director, Defendants.**

**Civ. No. 67–840.**

United States District Court
S. D. Florida.

Feb. 9, 1968.

Shutts & Bowen, C. Tom Tew, Miami, Fla., for plaintiff.

William A. Meadows, Jr., U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for defendants.

SUMMARY JUDGMENT

CHOATE, Senior District Judge.

This cause having come on for hearing after due notice on the defendants' Motion for Summary Judgment filed January 18, 1968, and the Court having reviewed the file and considered the pleadings, admissions on file and briefs and heard the argument of counsel is of the opinion that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law.

In the Order on Objections to Interrogatories and on Motions for Summary Judgment, dated November 20, 1967, and filed November 28, 1967, the Court expressed the opinion that the plaintiff is

bound by the finality provision in Clause 10 of the contract, as amended, in the absence of fraud, which was not sufficiently alleged.

Pursuant to leave granted in said Order the plaintiff filed an Amended Complaint adding Count II alleging on information and belief that the discount rate of 4½% allowed by the defendants was arbitrarily selected and represented a gross discrepancy from the prevailing discount rate on the market of 6½% to 7% which resulted in a fraud upon the plaintiff.

At the hearing it was stated by counsel that all of the facts were before the Court and that the plaintiff could not be any more specific as to his allegations of fraud.

The contract in question between the parties, dated April 18, 1966, reads:

> The Seller (FHA) agrees to pay any discounts which need to be paid in order that the Third Party Purchaser may obtain FHA or VA financing so long as such discounts do not exceed the amount found by the Seller to be the prevailing charge or discount on the market at the time such financing is arranged. (See Amendment Page 3). Par. 10. (Amendment). The decision of the seller as to the prevailing charge shall be final and the purchaser (plaintiff herein) agrees to be bound by the seller's decision. This contract contains the final and entire agreement between the parties hereto and they shall not be bound by any terms, conditions, statements, or representation, oral or written, not herein contained. (Amended Complaint, Exhibit B.)

Plaintiff contends that the prevailing discount on the market means the local market, but by letter dated November 9, 1966, the defendants advised the plaintiff as follows:

> "A review of the contract between you and the FHA will reveal that the decision of the FHA as to the prevailing charge shall be final. Our decision is based on an analysis which is made from reports furnished by local mortgagees and then compiled with reports furnished on a national basis. A figure is then established which reflects the results of all of these reports and an adjustment is made to reflect local market conditions."

The Court agrees that the plaintiff is bound by the defendants' decision; it is therefore

Ordered and adjudged that:

1.  The defendants' Motion for Summary Judgment is granted, and summary final judgment for defendant is hereby entered.

2.  The plaintiff take nothing and this action is dismissed on the merits.

3.  The defendants, The Federal Housing Administration; Philip N. Brownstein, as Federal Housing Commissioner, and W. P. Wilcox, as Director, recover of the plaintiff, James R. Lytle, their costs of this action.